IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Coach, Inc., et al. | : |
| Plaintiffs, | : |
| v. | : Case No. 2:09-cv-241 |
| Cellular Planet, et al., | : District Judge Graham |
| Defendants. | : Magistrate Judge Abel |

## CONSENT TO JUDGMENT ORDER

Upon application of Plaintiffs and Defendant Nizar Al Kamhawi, who consent to judgment against Defendant Nizar Al Kamhawi in favor of Plaintiffs, and for good cause shown, it is hereby ADJUDGED, ORDERED, and DECREED that:

1. On March 30, 2009, Plaintiff Coach, Inc. filed this action against Defendant Nizar Al Kamhawi alleging that through his ownership of the properties on which counterfeit activity occurs Defendant contributes to the unauthorized use of Plaintiffs' registered trademarks in commerce.

2. On April 10, 2009, Plaintiffs amended their complaint to include claims on behalf of Plaintiff Coach Services, Inc. alleging the same claims against Defendant.

3. Defendant Nizar Al Kamhawi concedes that Plaintiffs are the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components (collectively, the "Coach Trademarks"), and that the Coach Trademarks are valid, subsisting, and incontestable.

4. Defendant Nizar Al Kamhawi concedes that the activity of his tenants and/or third parties on his properties with the permission of his tenants constitutes an improper and/or illegal use of the Coach Trademarks in violation of 15 U.S.C. §§ 1114, and 1125(a), Ohio Revised Code §§ 4165.01 *et seq.*, and 1345.01 *et seq.*, and Ohio's common law.

5. Defendant Nizar Al Kamhawi must, within 10 days of this order, demand in writing that his tenants, including persons using the property with his tenants permission, cease and desist from using any reproduction, counterfeit, copy, or colorable imitation of the Coach Trademarks to identify any goods or the rendering of services not authorized by Plaintiffs.

6. If Defendant's tenants cease and desist from the described activity within 10 days of the notice, Defendant will have an on-going duty to inspect the premises on an annual basis to ensure no unauthorized activity resumes.

7. Defendant consents to permitting Coach, Inc. to conduct an annual inspection of his premises to ensure that no unauthorized use of the Coach Trademarks is occurring. Coach, Inc. will give written notice of its intent to conduct these annual inspections to defendant-property owners and counsel for this defendant at least seven (7) days prior to such inspections.

8. If Defendant determines that his tenants are engaging in the unauthorized use of the Coach Trademarks, Defendant will immediately notify law enforcement, and counsel for Plaintiffs.

9. If Defendant's tenants refuse to cease and desist from the described activity within 10 days of the notice, or if they resume the described activity after first ceasing, Defendant will take immediate action in forcible entry and detainer to prevent his tenants from future use of the property.

It is FURTHER ADJUDGED, ORDERED, and DECREED that each side is to bear its own costs.

So ordered and signed this 18th day of May, 2009.

s/ James L. Graham
James Graham, United States District Judge

APPEARANCES AND APPROVAL:

/s/ F. Michael Speed Jr.
Jeffrey S. Standley (Ohio Bar No. 0047248)
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Beverly A. Suozzo (Ohio Bar No. 0080935)
Standley Law Group, LLP
6300 Riverside Drive
Dublin, Ohio 43017-5319
Telephone: (614) 792-5555
Facsimile: (614) 792-5536
Email: jstandley@standleyllp.com
mspeed@standleyllp.com
bsuozzo@standleyllp.com

Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

/s/ Nizar Al Kamhawi
Nizar Al Kamhawi
952 Amberly Place
Columbus, Ohio 43220

3