IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Coach, Inc, and Coach Services, Inc.,     :

                Plaintiffs     :     Civil Action 2:09-cv-00241

    v.                   :     Judge Graham

Cellular Planet, *et al.*,          :     Magistrate Judge Abel

              Defendants     :

# ORDER

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach") bring this action for trademark counterfeiting and infringement.  Coach is a manufacturer of high-end luxury products, including handbags.  This matter is before the Court on Coach's November 10, 2009 motion for default judgment and permanent injunction against defendants Hamid Arafat, Mohammed Abdallah, SSL Properties Inc., Marathon YMA, and Kingdom Fashions (doc. 36).

On March 3, 2010, the Magistrate Judge held a hearing under Rule 55(b)(2), Fed. R. Civ. P for plaintiffs to demonstrate a *prima facie* case of liability and to determine the amount of damages.  On May 7, 2010, the Magistrate Judge issued a Report and Recommendation recommending that judgment be entered against defendants, that statutory damages be awarded pursuant to the Lanham Act, and that defendants be

1

permanently enjoined and restrained from engaging in future infringement of Coach's

trademarks. No objections to the Report and Recommendation have been filed.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B),

the Court **ADOPTS** the Report and Recommendation and plaintiff's November 10, 2009

motion for default judgment (doc. 36) is GRANTED.

At the hearing before the Magistrate Judge, Coach presented evidence of its

ownership of seven valid registered trademarks that have been infringed by

Defendants. These are U.S. Trademark Reg. Nos. 1,071,000; 1,070,999; 1,309,779;

2,626,565; 2,822,318; 3,413,536; 3,441,671 ("Coach's marks"). Copies of the federal

registrations of these trademarks were included in Coach's Complaint, and clearly

establish that Coach owns these marks, and they are therefore entitled to protection

under the Lanham Act.

Coach also presented the following evidence establishing its *prima facie* case as to

how Defendants have used have used counterfeits of Coach's marks in commerce:

• Defendant Marathon YMA: testimony of Coach investigator Drew Haney and

    Detective Michael Hicks showed that counterfeit "Coach" handbags have been

    sold on the Marathon YMA premises. Testimony established that the

    management of the Marathon YMA was aware that counterfeit or "boot leg"

    sales were being made. Testimony also established that Marathon YMA

    supported such sales, since it received compensation from the sales in the form of

    rental payments from the seller, Ibrahima Diallo. Pictures taken of the counterfeit

"Coach" handbags showed that the handbags did indeed bear counterfeit marks, and were intended to be passed off as authentic Coach handbags.

- Kingdom Fashions: testimony provided by Drew Haney demonstrated that counterfeit "Coach" handbags have been offered for sale and sold on the Kingdom Fashions premises. On January 13, 2009, numerous counterfeit "Coach" handbags were offered for sale by Kingdom Fashions.

- Hamid Arafat: testimony provided by Drew Haney demonstrated that Mr. Arafat had been a knowing participant in the sale of counterfeit "Coach" handbags. Mr. Arafat offered for sale a counterfeit "Coach" handbag on January 12, 2009. Mr. Arafat was also overseeing the sale and offering for sale of counterfeit "Coach" handbags in 2008.

- Mohammed Abdallah: testimony provided by Drew Haney shows that Mr. Abdallah is the owner of Magic Fashions, a store where counterfeit "Coach" handbags have been sold and offered for sale.

At the hearing, Coach established its claims of trademark infringement by showing that defendants used counterfeits of Coach's registered marks in commerce and in connection with the sale and offering for sale of goods. These activities were likely to cause confusion, mistake, or deceive, and were done without the consent of Coach. Therefore, Defendants have violated 15 U.S.C. § 1114. Similarly, Defendants' acts of selling and offering for sale counterfeit "Coach" handbags constitute false designation of origin, false description, and false representation that the counterfeit

handbags were made or are sponsored, approved, or authorized by Coach, in violation of 15 U.S.C. § 1125(a). Coach's claims of deceptive trade practices under Ohio law and common law trademark infringement are also met, since these claims are considered encompassed by the federal trademark infringement analysis. *See Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 724 n. 8 (S.D. Ohio 2002) ("The Court notes the same analysis applies to [federal] trademark infringement, unfair competition, Ohio common law, and Ohio's deceptive trade practices statutes.") Finally, Defendants' actions also constitute a violation of Ohio's consumer protection law, since deceptive acts are occurring in connection with consumer transactions.

The Lanham Act authorizes an award of statutory damages in lieu of actual damages. *See also Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990) ("Generally, statutory damages are awarded when no actual damages are proven, or actual damages and profits are difficult and impossible to calculate"). Statutory damages for trademark infringement are available for up to $200,000 per counterfeit trademark infringed, regardless of willfulness, and enhanced up to $2,000,000 per mark if the infringement is willful. 15 U.S.C. § 1117(c). The amount of statutory damages awarded to a plaintiff within the range provided does not depend on actual damages. In fact, as recognized by this Court, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft v. McGee,* 490 F. Supp. 2d at 882. *See also Peer Int'l Corp v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990)

4

(statutory damages appropriate regardless of proof of actual damages or defendant's profits); *Microsoft Corp. v. Tierra Computer, Inc.*, 184 F. Supp. 2d 1329, 1333 (N.D. Ga. 2001) (rejecting defendant's argument that plaintiff must prove actual damages before it can recover statutory damages).

Coach argues that because defendants have failed to respond to Coach's allegations, it is impossible to determine actual damages in this case. As a result, Coach seeks statutory damages under the Lanham Act.  Although Section 1117(c) sets out the range available for statutory damage awards, the statute "does not provide guidelines for courts to use in determining an appropriate award" and is only limited by what "the court considers just." *See Tiffany, 282 F. Supp. 2d at 124-125;* 15 U.S.C. § 1117(c). As stated above, the amount of statutory damages recoverable under the Lanham Act is greater where the infringement is willful. A court may infer that a defendant's infringement is willful from the defendant's failure to defend. *Id.* ("By virtue of the default, the [defaulting party's] infringement is deemed willful."); *Arista Records, Inc., v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1313 (the court may infer willful infringement because of default).

Here, the facts show that Defendants' acts of infringement have been willful. Marathon YMA was aware of the counterfeit nature of goods being sold on its property. Evidence shows that the management of the Marathon was aware that Ibrahima Diallo was selling "boot leg" products, and that through rental payments Marathon YMA directly benefitted from sales of counterfeit products, including counterfeit Coach

5

products. Even after Coach filed its suit against Marathon YMA, the counterfeit sales continued. Although knowledge of the counterfeit nature of goods is not required to violate the Lanham Act, evidence also shows that Kingdom Fashions, Hamid Arafat, and Mohammed Abdallah are all aware of the counterfeit nature of goods that they have sold. In order to sanction Defendants for their willful infringement, and to deter others from future infringing behavior, Coach is entitled to seek statutory damages of up to $2,000,000 for each trademark willfully infringed. 15 U.S.C. § 1117(c)(2). However, Coach only seeks statutory damages available for *non*-willful trademark infringement. Specifically, Coach seeks statutory damages of $100,000 per trademark infringed by each of Defendants. For Marathon YMA, which has willfully infringed at least 7 of Coach's trademarks,[1] Coach seeks a total of $700,000. Kingdom Fashions, Hamid Arafat, and Mohammed Abdallah have infringed multiple Coach trademarks in association with their sale of counterfeit "Coach" handbags. However, Coach only seeks statutory damages for 2 of its trademarks[2] infringed by these defendants, for a total of $200,000 in statutory damages from each of these defendants.

In *Microsoft v. McGee*, the Southern District of Ohio awarded plaintiff Microsoft $100,000 in statutory damages for each of five trademarks, plus $30,000 in statutory damages for each of 7 trademarks, for a total of $710,000 in statutory damages. *See*

---

[1] These trademarks are Reg. Nos: 1,071,000; 1,070,999; 1,309,779; 2,626,565; 2,822,318; 3,413,536; 3,441,671.

[2] These trademarks are 1,071,000; 2,626,565.

6

Exhibit A, *Microsoft v. McGee*, 490 F. Supp. 2d at 882-883. In *Microsoft*, default judgment was entered against the defendant for willful infringement. Furthermore, at the time *Microsoft* was determined, the amount of statutory damages prescribed by § 1117(c) was less than it is today.[3]

Substantial damage awards have been made in other cases across the country. *See e.g., Artista Records, Inc.*, 298 F. Supp. 2d at 1314 (after default, awarding statutory damages of $35,000 per 54 infringements for a total of $1,890,000); *Tiffany Inc. v. Luban*, 282 F. Supp. 2d at 125 (awarding $550,000 in statutory damages after default); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d at 921-22 (awarding maximum amount of statutory damages for non-willful infringement in an amount of $460,000 on summary judgment).

An award of $100,000 for each infringement is appropriate as to defendants Kingdom Fashions, Hamid Arafat, and Mohammed Abdallah. Marathon YMA is in a different posture, because it did not offer the infringing goods for sale, but instead permitted Diallo to sell counterfeit goods on its property. There is no evidence that Marathon YMA more than nominally profited from permitting Diallo's infringing conduct. Nonetheless, Marathon YMA damaged Coach. Accordingly, the Court adopts the Magistrate Judge's recommendation of an award of $10,000 per violation.

---

[3]At that time, 15 U.S.C. § 1117(c) allowed for "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold" and "if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold."

Coach is also entitled to a permanent injunction to prevent any future infringement of its trademarks. The Lanham Act permits the issuance of permanent injunctions to prevent future violations. 15 U.S.C. § 1116. A plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) "that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted"; and (4) it is in the public's interest to issue the injunction. *Microsoft v. McGee*, 490 F. Supp. 2d at 882, *citing Audi AG v. D'Amato,* 469 F.3d 534, 550 (6th Cir. 2006). With regard to the first factor, "Sixth Circuit case law holds that no particular finding of likelihood of injury or irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Id., citing Circuit City Stores, Inc. v. Carmax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999). "With regards to the second factor, the Sixth Circuit has explained that where there is potential for future harm from infringement, there is no adequate remedy at law." *Microsoft v. McGee*, 490 F. Supp. 2d at 882. Here the potential harm is widespread. Evidence shows that Defendants' infringing activities have not been isolated events. Furthermore, Defendants have been involved with the sale of products bearing the counterfeit marks of companies other than Coach, which suggests that Defendants will continue to sell counterfeit goods, and makes it likely that Defendants will sell counterfeit "Coach" goods in the future.

As previously recognized by this Court, with regard to the balance of hardships, a permanent injunction is warranted because there is no harm to the Defendants

8

inasmuch as an injunction will merely require Defendants to comply with the Lanham Act. *Microsoft v. McGee*, 490 F. Supp. 2d at 883. Lastly, it is in the public's interest to issue a permanent injunction. As in *Microsoft v. McGee*, enjoining Defendants' use of Coach's trademarks "would advance two fundamental purposes of trademark law: preventing consumer confusion and deception in the marketplace and protecting the trademark holder's property interest in the mark." *Id*.

The Lanham Act authorizes this Court to award Coach its reasonable costs and attorneys' fees. 15 U.S.C. § 1117(a). In the *Microsoft v. McGee* case previously before this Court, *Microsoft* was awarded statutory damages, a permanent injunction, and attorneys' fees and costs. *Microsoft v. McGee*, 490 F. Supp. 2d 874. At the Court's request, Coach is prepared to provide a breakdown of its attorneys' fees, paralegal fees, and costs incurred by Coach in prosecuting this action against Defendants.

**Conclusion.** For the foregoing reasons, the Court enters JUDGMENT against defendants and awards statutory damages pursuant to the Lanham Act in the amounts of $70,000 against Marathon YMA, and $200,000 each against Kingdom Fashions, Hamid Arafat, and Mohammed Abdallah.  Defendants are PERMANENTLY ENJOINED and restrained from engaging in future infringement of Coach's trademarks, and that Coach be awarded its reasonable attorneys fees and costs.

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham
United States District Judg

9

Date: June 22, 2010